[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16642
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cr-00021-MW-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEE MANUEL COLSON, JR.,
a.k.a. Lee Colson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 29, 2017)

Before MARCUS, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Lee Colson Jr. appeals his sentence of 30 months of imprisonment for distributing marijuana, 21 U.S.C. § 841(a)(1), (b)(1)(D); distributing cocaine base, *id.* § 841(a)(1), (b)(1)(C);  possessing with intent to distribute marijuana, cocaine, cocaine base, and alpha-Pyrrolidinovalerophenone, *id.* § 841(a)(1), (b)(1)(C), (b)(1)(D); and being a felon in possession of a firearm, *id.* §§ 922(g)(1), 924(a)(2). Colson also received a mandatory consecutive sentence of 60 months of imprisonment for possessing a firearm in furtherance of drug trafficking, 18 U.S.C. § 924(c)(1)(A)(i), which he does not challenge on appeal. Colson argues that the district court erred by adding three points to his criminal history score for a prior sentence of 22 months of probation that was conditioned on him spending every night in jail. We affirm.

Any error in adding three points to Colson's criminal history score was harmless. The district court made clear that it would have imposed the same sentence without adding the criminal history points. *See United States v. Keene*, 470 F.3d 1347, 1348–49 (11th Cir. 2006). The district court stated that, "even if [it] had accepted [Colson's] argument, the range would have been 27 to 33 months" and "any sentence less than 30 months . . . would be inadequate because if [he] had done 22 months and a year and a day, then continue[d] to sell drugs repeatedly, that a 30 months sentence is, if anything, a generous sentence."

2

Colson's sentence, below the guideline range, is reasonable. *See id.* at 1349; *see also* 18 U.S.C. § 3553(a). Colson had 14 prior convictions for battery, burglary of a structure, possession of a controlled substance, possession of contraband in a detention facility, and driving while his license was suspended, and the state courts revoked most of his sentences of probation. Undeterred, Colson sold drugs from his residence on several occasions while he was, in the words of the district court, "heavily armed." Even so, the district court found that Colson's criminal history score overstated his criminal record because many of his prior convictions involved traffic offenses and varied downward from his advisory guideline range of 46 to 57 months of imprisonment. The district court committed no error.

We **AFFIRM** Colson's sentence.